An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE BOARD OF CONTINUING LEGAL EDUCATION TO CHANGE THE STATUS OF CERTAIN MEMBERS OF THE STATE BAR OF NEVADA FROM ACTIVE TO CLE SUSPENDED UNDER SUPREME COURT RULES 205-215 INCLUSIVE, AND, AS TO CERTAIN INACTIVE AND SUSPENDED MEMBERS, TO CONDITION THEIR RIGHTS OF REINSTATEMENT. | No. 66070 |

FILED

JAN 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER DISMISSING PETITION AS TO CERTAIN RESPONDENT ATTORNEYS AND GRANTING PETITION AS TO CERTAIN RESPONDENT ATTORNEYS*

On July 15, 2014, the Board of Continuing Legal Education (the Board) filed a petition with this court regarding the status of certain members of the State Bar of Nevada (respondent attorneys) who have failed to comply with various Supreme Court Rules governing continuing legal education. *See* SCR 205-215. Specifically, the Board petitioned this court to order those respondent attorneys who are presently active to show cause why their membership status should not be changed to CLE suspended and, from the date of such change of status, be barred from practicing law in the State of Nevada until reinstated under SCR 213. Further, as to those respondent attorneys who are inactive or suspended, to show cause why the right of reinstatement to active status should not be conditioned upon full compliance with SCR 213, in addition to any conditions of reinstatement already imposed or which may hereafter be imposed.

15-03113

On August 6, 2014, this court entered an order directing various active attorneys to show cause why this court should not grant the Board's petition to change their status from active to CLE suspended and to condition their right to be reinstated upon full compliance with SCR 213. That order also directed various inactive or suspended members of the State Bar to show cause why this court should not grant the Board's petition to condition their rights to be reinstated to active status upon full compliance with SCR 213, in addition to any condition of reinstatement already imposed or which may hereafter be imposed.

On August 8, 2014, August 14, 2014, August 22, 2014, September 3, 2014, September 5, 2014, September 8, 2014, September 9, 2014, September 11, 2014, September 17, 2014, September 22, 2014, September 23, 2014, September 26, 2014, September 29, 2014, October 10, 2014, October 16, 2014, October 29, 2014, November 6, 2014, November 13, 2014, December 4, 2014, December 17, 2104, and December 23, 2104, the Board submitted documents entitled "Consent to Dismissal," informing this court that the following attorneys have satisfied the requirements set forth in SCR 205 through 215 or should otherwise be dismissed:

Liborius I. Agwara
Kurt D. Anderson
Aaron A. Aquino
Naomi R. Arin
Ellston B. Arntz
Lynn Avants
Nishat Baig
Seth D. Ballstaedt
Millie A. Barfield
Lindsey W. Basher
Corey B. Beck
Dustin E. Birch
Christopher L. Blakesley, II

Jerome R. Bowen
Brian M. Boyer
Jeffrey A. Briggs
Nanette S. Brown
Algimantas J. Bruzas
Martin H. Burns
Eric L. Burton
Keith D. Cable
Thomas F. Carlucci
Sigal Chattah
Donald J. Christie
Christopher T. Clark
Jared R. Clark
Russell D. Collings
Thomas C. Cook
Demetrios A. Dalacas
David A. Dixon
Matthew S. Dunkley
Brian T. Dunn
Keen L. Ellsworth
Andrew S. Flahive
Sean P. Flanagan
Yvette R. Freedman
Craig B. Friedberg
Barbara W. Gallagher
Jason A. Gordon
Karen T. Grant-Head
John W. Griffin
Matthew M. Griffin
Phillip L. Hack
Gregory K. Hafif
Shaun P. Haley
Michael H. Hamilton
Christopher S. Hammer
Daniel S. Harris
Kirk R. Harrison
Richard E. Haskin
Stephanie Cooper L. Herdman
Kelly K. Huang
Geraldine Hughes
Scott H. Husbands

Terry L. Hutchinson
Joseph B. Iarussi
Daniel A. Ingrassia
Jared R. Johnson
Susan L. Johnson
Kenneth J. Jordan
Jake D. Kelsey
Fred W. Kennedy
Ryan M. Kerbow
Soomi Kim
John W. Kirk
Gregory D. Knapp
Jan P. Koch
Mark A. Kulla
Thomas A. Larmore
Michael M. Later
James J. Lee
Andrew A. List
Charles J. Lybarger
David L. Mann
David N. Masterson
Jennifer L. McBee
William W. McGaha
Gregory J. Morris
Boyd B. Moss
Ross H. Moynihan
Benjamin J. Nadig
Doris E. Nehme
Nikoll Nikci
John T. Oblad
Langu Okall
Abraham N. Oler
Antonio R. Pacheco
A. S. Peck
Steven T. Polikalas
Mitchell L. Posin
Ryan J. Reeves
John O. Renken
David A. Riggi
Addie C. Rolnick
Evan D. Schwab

Robert D. Simpson
Paul V. Smith
Jacob N. Sommer
Dusti L. Standridge
Timothy J. Toth
Philip J. Trenchak
Natricia C. Tricano
Viterbo L. Valera
Edward E. Vargas
Arnold Weinstock
Wesley S. White
Gregory L. Wilde
Brandon T. Willenberg
Helena Marie S. Wise
Charles B. Woodman
Christopher V. Yergensen
Paul G. Yohey

Accordingly, we conclude that the respondent attorneys listed above have completed the continuing legal education requirements set forth in SCR 205 through 215, and are therefore not subject to suspension pursuant to SCR 215(5). We therefore dismiss the Board's petition with prejudice as to each of them.

Additionally, the Board has informed this court that the following attorneys were included in the July 15, 2014, petition due to a clerical error: Michael R. Pontoni and Andrew Wasielewski. We therefore dismiss the Board's petition with prejudice as to each of them.

On September 4, 2014, active attorney Joseph S. Meloro filed a response to our August 6, 2014, show cause order. He asserted his intent to pay the requisite fees, and contended that despite a good faith attempt he failed to complete the continuing legal education requirements due to financial hardship. However, he did not provide proof of payment of the requisite fees, nor did he demonstrate that he sought or was granted an exemption by the Board pursuant to SCR 214(2). The Board did not

submit a "Consent to Dismissal" as to Mr. Meloro. Therefore, although we received a response to our show cause order, we nevertheless grant the Board's petition as to Joseph S. Melero, and his status shall be changed to CLE suspended pursuant to SCR 212(5). Further, Joseph S. Melero must comply with SCR 115[1] within the time limits set forth in that rule and his right of reinstatement shall be conditioned upon full compliance with SCR 213.

The following active attorneys failed to respond to our show cause order entered August 6, 2014. Accordingly, we grant the Board's petition as to the following attorneys. Their status shall be changed to CLE suspended pursuant to SCR 212(5). Further, the following attorneys must comply with SCR 115 within the time limits set forth in that rule[2] and their rights of reinstatement shall be conditioned upon full compliance with SCR 213:

> David E. Adkins
> Jocelyn M. Burton (Shelton)
> Scott E. Chapman
> Jack B. Coronel
> Jeffrey A. Dankworth
> Raymond J. Duensing, Jr.
> Brian C. Fitzgerald
> Timothy L. Gamber
> Nicole S. Henigan
> Ray P. Ivie
> Ryan E. Johnson
> Andrew J. Kessler
> Hina K. Khan
> Joel M. Korotkin
> Janelle C. LaVigne

---

[1]*See* SCR 212(5).

[2]See SCR 212(5).

Elizabeth A. Lawrence
Randal R. Leonard
Shelley Lubritz
Brett J. Marshall
Daniel McCann
Uyen N. Nguyen
Peter J. Novak
Thomas H. Peterson, III
Brandon B. Smith
Scott L. Smith
Matthew W. Treu
Michelle L. Valier
Yi L. Zheng

The following attorneys failed to respond to our show cause order entered August 6, 2014. At the time the Board filed the petition, it identified them as active attorneys. However, our records indicate that their current status is not active because, subsequent to the filing of the petition, they were transferred to inactive status or suspended for dues, discipline, or non-compliance. Accordingly, we grant the Board's petition as to the following attorneys:

Colin S. Bringhurst
Randal A. DeShazer
Sharon Y. Dockter
John Paul Fortin
Paul C. Giese
Jennifer R. Hargis
Craig H. Norville
James L. Olmsted
Charles M. Pollock
Marta L. Presti
Peter M. Rinato
Kelly O. Slade
Nikki D. Wilson

In addition to their current status as being inactive or suspended for dues, discipline, or non-compliance, their status shall also be that of CLE

SUPREME COURT
OF
NEVADA

(O) 1947A

suspended pursuant to SCR 212(5). Their right to be reinstated to the active practice of law shall be conditioned upon full compliance with SCR 212(5) and SCR 213, in addition to any conditions of reinstatement imposed as a result of their status as inactive or suspended for dues, discipline, or non-compliance.

Finally, the following suspended attorney has failed to respond to our show cause order entered August 6, 2014: Lynn R. Shoen. Accordingly, we grant the Board's petition as to Lynn R. Shoen. In addition to her existing disciplinary suspension, Lynn R. Shoen's status shall also be that of CLE suspended pursuant to SCR 212(5). Her right to be reinstated to the active practice of law shall be conditioned upon full compliance with SCR 212(5) and SCR 213, in addition to any conditions of reinstatement already imposed upon her.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                     Douglas

_____, J.          _____, J.
Cherry                          Saitta

_____, J.          _____, J.
Gibbons                         Pickering

cc: Laura Bogden, Executive Director, Board of Continuing Legal Education
Jenny D. Hubach, Chair, Board of Continuing Legal Education
Kimberly K. Farmer, Executive Director State Bar of Nevada/Las Vegas
David Clark, Bar Counsel, State Bar of Nevada/Las Vegas
Mary Jorgensen, Member Services Coordinator, State Bar of Nevada/Las Vegas
All respondent attorneys